William H. BOREN, Appellant,

v.

Michael G. BULLEN, M. D., Appellee.

No. 13–96–565–CV.

Court of Appeals of Texas,
Corpus Christi.

June 4, 1998.

Jimmy Phillips, Jr., Angleton, for Appellant.

Ronald B. Brin, Thomas F. Nye, Linda C. Brick, Brin & Brin, Corpus Christi, for Appellee.

Before DORSEY, FEDERICO G. HINOJOSA, Jr., and RODRIGUEZ, JJ.

## OPINION

DORSEY, Justice.

William Boren sued Michael Bullen for medical malpractice. The trial court granted Dr. Bullen's motion for summary judgment and Mr. Boren appeals by one point of error. We affirm.

■ Mr. Boren challenges the trial court's determination that the summary judgment evidence presented no genuine issue of material fact. He complains Dr. Bullen's testimony in his own behalf was insufficient to prove his actions comported with the appropriate standard of care and that Dr. Bullen's testimony was controverted by Dr. Robert Kilian, Mr. Boren's expert. In reply, Dr. Bullen contends his testimony by affidavit was sufficient to prove he was not negligent, as a matter of law, and that Dr. Kilian was not qualified as an expert competent to testify in this lawsuit; therefore, the trial court properly granted summary judgment on Dr. Bullen's uncontroverted affidavit.

■ To prevail on a summary judgment motion, a movant must establish that no genuine issue about any material fact exists and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a (c); *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995) (per curiam). In a medical malpractice suit, the trier of fact must be guided by the opinion testimony of experts. *Hart v. Van Zandt,* 399 S.W.2d 791, 792 (Tex.1965). A defendant who conclusively negates at least one of the essential elements of each of the plaintiff's causes of action or who conclusively establishes all of the elements of an affirmative defense is entitled to a summary judgment. *Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex.1993); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). A defendant physician can obtain summary judgment based on his uncontroverted expert testimonial evidence "if the evidence is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted." *Republic Nat'l Leasing Corp. v. Schindler,* 717 S.W.2d

606, 607 (Tex.1986); *Noriega v. Mireles,* 925 S.W.2d 261, 266 (Tex.App.—Corpus Christi 1996, writ denied). The party offering an expert's testimony bears the burden of proving the witness is qualified under rule of evidence 702. *Broders v. Heise,* 924 S.W.2d 148, 151 (Tex.1996). In reviewing a summary judgment, we must accept as true evidence in favor of the nonmovant, indulging every reasonable inference and resolving all doubts in the nonmovant's favor. *Nixon v. Mr. Property Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Hartman v. Urban,* 946 S.W.2d 546, 548 (Tex.App.—Corpus Christi 1997, no writ). When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, an appellate court will affirm a summary judgment if any of the theories advanced are meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989); *Urban,* 946 S.W.2d at 548.

In Dr. Bullen's summary judgment affidavit, he described his medical training and experience in the field of infectious diseases establishing himself as an expert qualified to testify in his own behalf. He states, as a specialist in infectious diseases, he is familiar with the standard of care for the diagnosis, management, and treatment of patients like Mr. Boren. He then specifically sets out that standard of care. He provides a sufficiently detailed account of his treatment of Mr. Boren, and describes how this treatment conformed to the standard of care. We find Dr. Bullen's affidavit is clear, positive, direct, credible, free from contradictions and inconsistencies, and could have been readily controverted. We hold Dr. Bullen's affidavit sufficiently disproved the elements of breach of duty and proximate cause to shift the burden to Mr. Boren to offer expert testimony contradicting Dr. Bullen's account.

■ In rebuttal, Mr. Boren offered the expert testimony of Dr. Robert Kilian. Dr. Kilian asserts he is licensed to practice medicine in the State of Texas and in Brazoria County. Following a short recitation of his curriculum vitae, he states he has been in general orthopedic practice from 1972 to the time of his deposition. He recites his board certification as an orthopedic surgeon and asserts his familiarity with the treatment of patients by attending and consulting physicians.

■ ·Dr. Kilian nowhere alleges his expertise in treating infectious diseases, Dr. Bullen's field of specialization. The supreme court, in *Broders v. Heise,* states: " ... given the increasingly specialized and technical nature of medicine, there is no validity, if there ever was, to the notion that every licensed medical doctor should be automatically qualified to testify as an expert on every medical question." *Broders,* 924 S.W.2d at 152. The offering party must show his expert has "knowledge, skill, experience, training, or education" regarding the specific issue before the court which would qualify the expert to give an opinion on that particular subject. *Id.* at 153.

■ We do not understand *Broders* to stand for the proposition that medical experts must possess identical certifications and qualifications to those defendant physicians about whose treatment they offer testimony. Rather, *Broders* requires simply that something beyond mere possession of a medical doctorate is necessary to satisfy rule 702 in a medical malpractice case, particularly when the subject matter of the proffered testimony involves the performance of a specialist within his field of expertise. Dr. Kilian's affidavit fails to show he knew, from either experience or study, the treatments expected from an infectious disease specialist or the effectiveness of those treatments in general, let alone in the case at hand. Mr. Bullen did not establish, on the summary judgment record, that Dr. Kilian's opinions regarding Dr. Bullen's treatment "would have risen above mere speculation to offer genuine assistance to the jury." *Id.* at 152. The trial court could properly reject the testimony of any expert should it determine the expert is unqualified.

Mr. Boren also attached the affidavits of two other physicians, Drs. Jeffrey Segal and Gerard Boynton. Dr. Segal offers no criticism of Dr. Bullen's treatment. Dr. Boynton, repeatedly denying expertise in the field of infectious disease, likewise failed to testify regarding Dr. Bullen's performance with re-

gard to the standard of care. Neither physician testified to the issue of proximate cause and neither offered testimony controverting Dr. Bullen's summary judgment proof.

As we have determined Dr. Bullen's affidavit satisfactorily negated elements of Mr. Boren's cause of action, and Mr. Boren offers no controverting summary judgment evidence, we hold the trial court did not err in granting summary judgment for Dr. Bullen. Judgment is AFFIRMED.