Roberts v. First Valley Bank









NUMBER 13-01-00207-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG


 

JOHN ROBERTS, Appellant,



v.




FIRST VALLEY BANK, FORMERLY KNOWN AS RAYMONDVILLE STATE BANK 

AND NOW KNOWN AS WELLS FARGO BANK, AND J. ROLANDO OLVERA Appellees.

 

On appeal from the 138th District Court of Willacy County, Texas.

 

MEMORANDUM OPINION

Before Justices Hinojosa, Rodriguez, and Dorsey (1)

Opinion by Justice Hinojosa




 Appellant, John Roberts, appeals from the trial court's order granting the motions for summary judgment of appellees, First
Valley Bank, formerly known as Raymondville State Bank and now known as Wells Fargo Bank ("Bank") and J. Rolando
Olvera, (2) the Bank's attorney. Appellant sued appellees for breach of an oral contract and fraud. The Bank and Olvera
separately moved for summary judgment, and the trial court granted both motions on unspecified grounds. Appellant
presents five issues for our review. We affirm.

 As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here.

A. Summary Judgment


 In his first issue, appellant contends the trial court erred in granting appellees' motions for summary judgment because (1)
the motions fail to state specific grounds and (2) there exist genuine issues of material fact.

 We review the trial court's grant of a traditional motion for summary judgment de novo. See Natividad v. Alexsis, Inc., 875
S.W.2d 695, 699 (Tex. 1994); Alejandro v. Bell, 84 S.W.3d 383, 390 (Tex. App.-Corpus Christi 2002, no pet.). In
reviewing a summary judgment, we must determine whether the summary judgment proof establishes as a matter of law
that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action or
whether the defendant has established all elements of his affirmative defense. Shah v. Moss, 67 S.W.3d 836, 842 (Tex.
2001); Alejandro, 84 S.W.3d at 390. In deciding whether there is a genuine issue of material fact, evidence favorable to the
nonmovant will be taken as true, and all reasonable inferences made, and all doubts resolved, in his favor. Am. Tobacco
Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). A defendant moving for summary judgment on an affirmative defense
has the burden to conclusively establish that defense. Velsicol Chem. Corp. v. Winograd, 956 S.W.2d 529, 530 (Tex.
1997). The nonmovant has no burden to respond to a traditional motion for summary judgment, unless the movant
conclusively establishes its cause of action or defense. M.D. Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23
(Tex. 2000).

 When, as in this case, a trial court's order granting summary judgment does not specify the ground or grounds relied on for
its ruling, the appellate court will affirm a summary judgment if any of the theories advanced in the motion are meritorious. 
Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Boren v. Bullen, 972 S.W.2d 863, 865 (Tex. App.-Corpus Christi 1998,
no pet.).

1. Breach of Oral Contract


 In his petition, appellant asserted that appellees had breached an oral agreement (1) by failing or refusing to perform in
good faith their promise to loan him the sum of $100,523.75, and (2) by buying and selling the property through
foreclosure. On appeal, appellant contends that since the Bank is unable to produce the original note, an issue of fact exists
regarding whether he signed the original note.

 Appellees each moved for summary judgment based on the statute of frauds. The statute of frauds precludes enforcement
of an oral loan agreement where the amount involved exceeds $50,000.00. Tex. Bus. & Com. Code Ann. § 26.02(b)
(Vernon 2002);Ford v. City State Bank of Palacios, 44 S.W.3d 121, 137-38 (Tex. App.-Corpus Christi 2001, no pet.). 
Further, a duly executed loan agreement of an amount exceeding $50,000.00 "may not be varied by any oral agreements or
discussions that occur before or contemporaneously with the execution of the agreement." Tex. Bus. & Com. Code Ann. §
26.02(d) (Vernon 2002). In light of these statutes and the "Disclaimer of Oral Agreements" executed by the parties, we
conclude appellees have established as a matter of law that appellant's claim for breach of an oral contract is barred by the
statute of frauds.

 Appellant's contention that the Bank's inability to produce the original note raises an issue of fact regarding the existence
of the loan ignores the rule in Texas that where renewal notes or extensions are involved, the holder may sue either on the
renewal note or on the original note. Thompson v. Chrysler First Bus. Credit Corp., 840 S.W.2d 25, 29 (Tex. App.-Dallas
1992, no writ); Villarreal v. Laredo Nat'l Bank, 677 S.W.2d 600, 607 (Tex. App.-San Antonio 1984, writ ref'd n.r.e.). 
Here, the Bank is seeking to enforce the second renewal and extension of lien note, which is in the Bank's possession. This
renewal instrument was duly executed by appellant, acknowledged, and recorded. Accordingly, we conclude there exists no
issue of material fact.

 Thus, the trial court did not err in granting appellees' motions for summary judgment as to appellant's claim for breach of
an oral contract.

2. Fraud


 Appellant also alleges that appellees made a misrepresentation when they told him they would give him a loan after he
executed the note and deed of trust. Appellant asserts that appellees had no intention of making the loan.

 Fraud in a transaction involving real estate is statutorily defined as a false representation of a material fact, made to a
person for the purpose of inducing that person to enter into a contract, and relied on by that person in entering into the
contract. Tex. Bus. & Com. Code Ann. § 27.01(a)(1)(A)-(B) (Vernon 2002).

 Appellees each moved for summary judgment based on the statute of frauds. When fraud claims arise out of an alleged
oral contract which is unenforceable under the statute of frauds, the statute of frauds bars the fraud claims as well as the
contract claims. Weakly v. East, 900 S.W.2d 755, 758 (Tex. App.-Corpus Christi 1995, writ denied); see Haase v. Glazner,
62 S.W.3d 795, 799 (Tex. 2001).

 Additionally, appellees asserted that appellant's fraud claim had no basis in law or fact. Specifically, appellees contended
that appellant failed to present any meritorious misrepresentation made by appellees and failed to present any facts
constituting reliance upon any alleged misrepresentation. As evidence thereof, appellees presented excerpts from
appellant's deposition wherein appellant stated that "there was no verbal, per se, misrepresentation. It's the whole project of
not revealing and advertising they're loaning money."

 Because the statute of frauds precludes any alleged fraud claims arising from an unenforceable oral contract and appellant
has failed to present any meritorious misrepresentations, we conclude there exists no issue of material fact. Therefore, the
trial court did not err in granting appellees' motions for summary judgment as to appellant's fraud claim.

 Appellant's first issue is overruled.

B. Accounting


 In his fourth issue, appellant contends the trial court erred in granting appellees' motions for summary judgment because
the Bank had a duty to provide him with an accounting of any and all transactions.

 Although appellant did not ask for an accounting in his petition, his responses to appellees' motions for summary judgment
assert that he was never provided an accounting of the loan and payment history. Accordingly, we conclude that appellant's
claim for an accounting was before the trial court at the time it granted summary judgment in favor of appellees. See
McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993) (issues avoiding summary judgment must be
expressly presented to trial court by written answer or motion); see also In re B.I.V., 870 S.W.2d 12, 13 (Tex. 1994)
(summary judgment should not be based on pleading deficiency that could be cured by amendment).

 Appellees' summary judgment evidence included the affidavit of Logan Manatt, (3)verifying Exhibits 13, 14, and 14A. 
These three exhibits, first produced at appellant's deposition, included the computerized loan and payment history of the
subject real estate lien note, together with Manatt's explanations and summary of the data. After reviewing this evidence,
we conclude that the Bank provided appellant with an accounting of the relevant transactions. Appellant's fourth issue is
overruled.

 In light of our disposition of appellant's first and fourth issues, it is unnecessary to address his remaining issues. See Tex.
R. App. P. 47.1.

 We affirm the trial court's order granting appellees' motions for summary judgment.



FEDERICO G. HINOJOSA

Justice





Opinion delivered and filed this the

5th day of June, 2003.

1. Retired Justice J. Bonner Dorsey, who concluded his term of office on December 31, 2002, was assigned to this Court
by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998) to
"complete the adjudication of any and all causes assigned to a panel of which [he was] a member" prior to his retirement.

2. In his petition, appellant named First Valley Bank, formerly known as Raymondville State Bank, as defendant. 
Although appellee J. Rolando Olvera was never named as a defendant, he was served with citation. In response to the
citation, Olvera filed an answer to the petition, made an appearance, and sought affirmative relief from the trial court.

3. Logan Manatt was the officer in charge of the Bank's special assets during the relevant time period.