NUMBER 13-04-486-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

JAMES NEVINS, MELISSA
NEVINS, 

EDWARD HEINOLD, AND IRENE HEINOLD,                  Appellants,

 

                                           v.

 

NEIL
WHITLEY, ET AL.,                                            Appellees.

 

 

 

                  On appeal from the 135th
District Court

                           of Victoria
County, Texas.

 

 

 

                     MEMORANDUM OPINION[1]

 

                Before Justices Yañez,
Castillo, and Garza

                  Memorandum Opinion by Justice Castillo








Appellees (hereinafter
collectively "Whitley"),[2]
the owners of an easement, sought a declaration of rights as to that easement
when appellants (hereinafter collectively "Nevins")[3]
allegedly interfered with Whitley's use and maintenance of the easement.  The parties filed competing summary judgment
motions.  The trial court granted
Whitley's motion and denied Nevins's motion. 
This appeal ensued.  By seven
issues, Nevins asserts that summary judgment was improper.  We affirm.

I.  BACKGROUND

The underlying dispute centers on a non-exclusive
written easement benefitting Whitley and Whitley's land.  The easement, granted by Nevins's predecessor
in title, granted a 40-foot wide roadway easement over part of the property now
owned by Nevins.  The easement was
originally granted to Val W. Holtz, but it has since been assigned to
Whitley.  Nevins purchased his properties
subject to this easement.

Whitley initially brought an action against Nevins
seeking a declaratory judgment to determine (1) the validity of the easement
and (2) whether Whitley had the right to use the easement.  Whitley sought an injunction barring Nevins
from interfering with Whitley's maintenance and use of the easement.  Nevins filed a counterclaim.  

A.  The Easement

At the center of the
parties' dispute is the following grant of an easement in a deed from W.H.
York, Jr. to Val W. Hotz, executed on April 3, 1975:








The easement and
right-of-way herewith granted to Grantee is subject to the following terms and
conditions:

 

(1) This easement is
confined to Grantee's use of the surface only of the premises described above,
for road-way and access purposes. 
Grantee shall be responsible for the maintenance of said road, and any
fences, gaps, gates, or cattle guards used in conjunction with said easement,
and road right-of-way.  Grantor shall
have equal right to use said easement together with Grantee, his heirs and
assigns.

 

(2) This easement and
right-of-way shall terminate in the event the Grantee fails to use the same for
a period of two consecutive years.  This
easement is granted as a convenience, and not as a way of necessity.

 

(3) This easement is
granted as a private easement, to Grantee, his heirs, assigns, invitees,
licensees, and employees, and is not intended as a public easement, nor as a
dedication for public use. 

 

(4) Grantor shall
continue to have the right to use said premises fully in every respect, except
for Grantee's right to use the surface of same as a way of access.

 

To have and to hold
the above described and conveyed property together with all and singular the
rights, improvements and appurtenances to the same in any manner belonging,
incident or appertaining unto the said Grantee, his heirs and assigns, forever.  And I do hereby bind myself, my heirs,
executors, administrators and assigns, to warrant and forever defend all and
singular the said land and premises unto the said Grantee, his heirs and
assigns, against every person whomsoever lawfully claiming or to claim the same
or any part thereof.

 

The parties do not
dispute that the easement grants a forty-foot wide easement for the purpose of
ingress and egress over part of the property now owned by Nevins.  The parties also do not dispute that each is
the assignee of the grantor and grantee, respectively, of the original
conveyance.  

B.  The Pleadings

1.  Whitley's Live Pleading








Whitley filed a
declaratory judgment action against Nevins requesting the trial court to:  (1) construe the easement in question and
determine its validity; and (2) determine the respective rights of the parties
including (a) whether Whitley was entitled to use the easement and reasonably
maintain the road, and (b) whether Nevins had the right to interfere with
Whitley's use and maintenance of the easement. 
Whitley sought injunctive relief, alleging interference with his use and
maintenance of the easement.  Whitley
also sought attorney fees under the Uniform Declaratory Judgment Act ("the
Act").  Tex. Civ. Prac. & Rem. Code Ann. ' 37.009 (Vernon
1997).  

2.  Nevins's Counterclaim

In a verified answer,
Nevins alleged causes of action for breach of contract and negligence.  Nevins also sought declaratory judgment,
attorney fees, and injunctive relief. 
Nevins asserted the affirmative defenses of adverse possession, capacity
to sue, and termination of the easement. 
By his counterclaim, Nevins requested that the trial court
determine:  (1) the construction,
validity, and affirmative conditions Whitley placed on the easement thereby
burdening Nevins's land; and (2) that the easement had terminated based on
Whitley's failure to maintain. 

C.  The Summary Judgment Proceedings

1.  Whitley's Grounds








In his traditional
summary judgment motion, Whitley asserted that Nevins interfered with Whitley's
rights to the easement by erecting fences in the easement and halting his
attempts to repair and maintain the road. 
By his motion, Whitley requested a declaration of his rights under the easement,
injunctive relief, and statutory attorney fees, asserting:  (1) the easement is valid; (2) the easement
confers a right to (a) use the roadway for ingress and egress and (b) maintain
the roadway in the easement; and (3) Nevins has interfered with Whitley's
rights to use and maintain the easement. 
Among other things, Whitley's summary judgment evidence included
affidavits from the original grantor and grantee as to the meaning of the word
"grantee" in the easement,[4]
and from counsel as to attorney fees.  

Nevins filed a summary
judgment response, special exceptions, and objections to Whitley's motion and
evidence.  Generally, Nevins responded
that declaratory judgment by summary proceeding was improper because the action
was in essence a trespass to try title, the fence impediment issue was not
ripe, maintenance was not a "right," and Nevins adversely possessed
the easement.  Nevins did not controvert
Whitley's summary judgment evidence on attorney fees.

2.  Nevins's Grounds








In his traditional
summary judgment motion, Nevins asserted as grounds (1) that the easement
terminated for non-use and, thus, Nevins was entitled to declaratory relief,
(2) the affirmative defense of adverse possession of the easement, and (3)
attorney fees.  Nevins relied on a letter
from Whitley's counsel to support his adverse possession claim.[5]

D.  The Summary Judgment 

The trial court
granted Whitley's motion and denied Nevins's motion for summary judgment.  The order recites, in part:

It is therefore ORDERED
as follows:

 

1.  The Court declares as a matter of law that
[Whitley] [is] the owner of the dominant estate and that the [Nevins] [is] the
owner of the servient estate under that certain easement conveyed from William
York to Val Hotz under instrument dated April 3, 1975 and filed for record at
Vol. 868, Page 95 in the deed records of Victoria County, Texas.

 

2.  The Court declares as a matter of law that
such easement has not terminated, and is valid and enforceable by [Whitley].

 

3.  The Court declares as a matter of law that
the [Nevins] [does] not have the right to construct gates, fences or other
barriers across or into such easement.








4.  The Court orders that [Nevins] [is]
permanently enjoined from interfering with [Whitley's] enjoyment of [his]
easement rights, including interfering with [Whitley's] access through the
easement, or interfering with [Whitley's] right to maintain the easement.  The Court further orders [Nevins] to remove
any fence or other barrier he has previously erected within the boundary of the
easement owned by the [Whitley].  Such
removal shall be completed within thirty days from the date of entry of final
judgment in this cause.

 

5.  The Court denies the Motion for Summary
Judgment filed by [Nevins].

 

6.  The Court orders that [Nevins] pay to the
[Whitley] . . . [attorney fees].[6]

 

E.  Finality

After examining the
pleadings and summary judgment record, we conclude that the order disposes of
all pending parties and claims.[7]  See Guajardo v. Conwell, 46 S.W.3d
862, 863‑64 (Tex. 2001) (per curiam); Lehmann v. Har‑Con Corp.,
39 S.W.3d 191, 195 (Tex. 2001); Alaniz v. Hoyt, 105 S.W.3d 330, 338
(Tex. App.BCorpus Christi 2003,
no pet.).  Accordingly, we find that the
trial court's judgment is a final judgment over which we have
jurisdiction.  See Conwell, 46
S.W.2d at 863-64; Lehmann, 39 S.W.3d at 195; Alaniz, 105 S.W,3d at
338. 

II.  ISSUES PRESENTED

Nevins presents seven issues for review: 








Issue 1:           The trial court erred in denying
Nevins's summary judgment motion because summary judgment evidence established,
as a matter of law, that the grantee had not used the easement in a continuous
two-year period.

 

Issue 2:           The trial court erred in denying
Nevins's summary judgment motion because summary judgment evidence established,
as a matter of law, that Nevins adversely possessed the real property at issue
for more than ten years.

 

Issue 3:           The trial court erred in granting
declaratory relief in an action other than a trespass-to-try-title action.  

 

Issue 4:           The trial court abused its discretion
by implicitly overruling Nevins's objections to Whitley's summary judgment
evidence.

 

Issue 5:           The trial court erred by changing
essential terms of the easement and declaring that the easement granted Whitley
"rights" rather than imposing obligations.

 

Issue 6:           The trial court erred in granting
summary judgment because Nevins raised material questions of fact.

 

Issue 7:           There was no or insufficient evidence
to support the relief granted.

 

III.  SUMMARY
JUDGMENT STANDARD OF REVIEW








The function of a summary judgment is to eliminate
patently unmeritorious claims and defenses, not to deprive litigants of
the right to a jury trial.  Hoyt, 105 S.W.3d
at 344.  The propriety of a summary
judgment is a question of law.  See
Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994).  We therefore review the decision de
novo.  See id.  We review the evidence "in the light most
favorable to the nonmovant, disregarding all contrary evidence
and inferences."  See KPMG
Peat Marwick v. Harrison County Hous. Fin. Corp.,988 S.W.2d 746, 748
(Tex. 1999); Branton v. Wood, 100 S.W.3d 645, 646 (Tex. App.BCorpus Christi 2003, no pet.).  The movant bears the burden of showing
both no genuine issue of material fact and entitlement to judgment as
a matter of law.  Tex. R.
Civ. P. 166a(c); Hoyt, 105 S.W.3d at 345.  In deciding whether there is a genuine issue
of material fact, we take evidence favorable to the non‑movant as
true.  Ortega v. City Nat'l Bank,
97 S.W.3d 765, 771 (Tex. App.BCorpus Christi 2003, no pet.).  We make all reasonable inferences and resolve
all doubts in favor of the non‑movant. 
Id.  A non‑movant
has the burden to respond to a traditional summary judgment motion if the
movant conclusively (1) establishes each element of its cause of action or
defense, or (2) negates at least one element of the non‑movant's cause of
action or defense.  See id. 

We affirm a trial court's ruling on a summary
judgment motion if any of the theories advanced in the motion is
meritorious.  State Farm Fire
& Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993); Boren v. Bullen,
972 S.W.2d 863, 865 (Tex. App.BCorpus Christi 1998, no pet.).  When, as in the present case, both sides move
for summary judgment and the trial court grants one motion but denies the
other, a reviewing court should review both sides' summary judgment evidence,
determine all questions presented, and render the judgment that the trial court
should have rendered.  FM Props.
Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000).

We turn now to the heart of the parties' dispute.

IV.  ANALYSIS OF THE
DECISION TO GRANT WHITLEY'S MOTION

A.  Propriety of Declaratory Judgment Relief








By his third
issue, Nevins argues that a trespass-to-try-title proceeding, and not
declaratory judgment relief, is the proper proceeding to adjudicate rival real
property title claims.[8] 
Nevins further argues that Whitley impermissibly used a declaratory
proceeding as a "guise" to obtain statutory attorney fees.  Whitley responds that declaratory relief is
proper.  








Suits for
declaratory judgment are intended to determine the rights of parties when a
controversy has arisen, before any wrong actually has been committed.  Montemayor v. City of San Antonio Fire
Dep't., 985 S.W.2d 549, 551 (Tex. App.BSan
Antonio 1998, pet. denied).  The stated purpose of the Declaratory
Judgment Act (the "Act") is "to settle and afford relief from
uncertainty and insecurity with respect to rights, status, and other legal
relations."  Tex. Civ. Prac. & Rem. Code Ann.'37.002(b) (Vernon 1997).  The Act provides that an interested party to
a deed "may have determined any question of construction or validity
arising under the instrument . . . and obtain a declaration of rights, status
or other legal relations thereunder." Tex.
Civ. Prac. & Rem.
Code Ann. ' 37.004(a) (Vernon 1997).  The Act is a remedial statute designed for
any "person . . . whose rights, status, or other legal relations are
affected by a statute," and provides a way to "have determined any
question of construction or validity arising under the . . . statute . . . and
obtain a declaration of rights, status, or other legal relations
thereunder."  Tex. Nat. Res.
Conservation Comm'n v. IT‑Davy, 74 S.W.3d 849, 855 (Tex. 2002); see
also Tex. Civ. Prac.
& Rem. Code Ann.'_ 37.002(b), 37.004(a) (Vernon
1997).  A declaratory judgment action is
neither legal nor equitable, but is sui generis ("of its own
kind").  Cobb v. Harrington,
190 S.W.2d 709, 713 (Tex. 1945).  The Act
"is to be liberally construed and administered."  Tex.
Civ. Prac. & Rem. Code Ann. ' 37.002(b) (Vernon 1997).  Because the Act is a procedural device for
deciding cases already within a court's jurisdiction, a litigant's request for
declaratory relief cannot change the basic character of a suit." See
State v. Morales, 869 S.W.2d 941, 947 (Tex. 1994); see also Tex. Ass'n
of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993). 

In a
declaratory judgment action, the trial court "may award costs and
reasonable and necessary attorney fees as are equitable and just."  Garcia v. Comm'rs Court of Cameron County,
101 S.W.3d 778, 784 (Tex. App.BCorpus
Christi, no pet.) (citing Tex. Civ.
Prac. & Rem. Code Ann. ' 37.009
(Vernon 1997)).  When a claimant has
properly invoked the declaratory judgment statute, either party may plead for
and obtain attorney fees.  Templeton
v. Dreiss, 961 S.W.2d 645, 671 (Tex. App.BSan
Antonio 1998, pet. denied) (citing Estopar Holdings, Inc. v. Advanced
Metallurgical Tech., Inc., 876 S.W.2d 205, 211 (Tex. App.BFort Worth
1994, no writ)).  The law does not require
prevailing-party status as a prerequisite to an award of attorney fees in a
declaratory judgment action.  State
Farm Lloyds v. C.M.W., 53 S.W.3d 877, 894 (Tex. App.BDallas 2001, pet. denied) (citing Barshop
v. Medina County Underground Water Conservation Dist., 925 S.W.2d 618,
637-38 (Tex. 1996)).  

Nevins and Whitley sought affirmative
relief under the Act.  We briefly
consider the principles of statutory construction.  








In interpreting a statute, a court must
diligently attempt to ascertain legislative intent and must keep in mind the
old law, the evil, and the remedy.  Tex. Gov't
Code Ann. ' 312.005 (Vernon 2005).  Further, we must interpret the statute in a
manner that gives effect to the plain meaning of the statute's words and
effectuates the Legislature's intent.  State
v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002).  Legislative intent should be determined by
reading the language used and construing the statute in its entirety.  See Taylor v. Firemen's & Policemen's
Civil Serv. Comm'n, 616 S.W.2d 187, 190 (Tex. 1981).  We should read every word, phrase, and expression
as if it were deliberately chosen, and presume that words excluded from the
statute were excluded purposefully.  Gables
Realty Ltd. P'ship v. Travis Cent. Appraisal Dist., 81 S.W.3d 869, 873
(Tex. App.BAustin 2002, pet. denied).  With these principles in mind, we turn to
Nevins's complaint.  








Declaratory judgment is only appropriate
if a justiciable controversy exists as to the rights and status of the parties,
and the controversy will be resolved by the declaration sought.  See Tex.
Civ. Prac. & Rem.
Code Ann. ' 37.006(b) (Vernon 1997).  Declaratory judgment relief is authorized to
"obtain a declaration of rights, status or other legal relations
thereunder."  Tex. Civ.
Prac. & Rem. Code
Ann. '37.004(a) (Vernon 1997).  The parties do not dispute that the trial
court had jurisdiction to grant the relief requested.  Both parties sought to have the trial court
determine a question of construction or validity of an easement and to obtain a
declaration of their respective rights and status on their claims and
defenses.  See IT‑Davy, 74
S.W.3d at 855.  We conclude that the Act,
which was properly invoked by Nevins and Whitley for redress with respect to
the controversy between them, was a proper statute for the adjudication of the
parties' rights.  Further, a party that
asks for a certain type of relief cannot complain on appeal if that relief is
granted, and a party may not secure a reversal for error that it invited.  Litton Indus. Prods., Inc. v. Gammage,
668 S.W.2d 319, 321‑22 (Tex. 1984); Transcontinental Ins. Co. v. Smith,
135 S.W.3d 831, 839 (Tex. App.BSan Antonio 2004, no pet.).  The trial court entered a declaratory
judgment solely pursuant to the competing theories before it.  See Tex.
Civ. Prac. & Rem.
Code Ann. ' 37.004(a) (Vernon 1997).  Because Nevins affirmatively sought
declaratory relief, he invited any complained-of error, although we find
none.  Further, the record does not
demonstrate that Whitley filed a declaratory judgment action as a
"guise" for obtaining attorney fees. 


We overrule Nevins's third issue.

B. 
Nevins's Objections to Summary Judgment Evidence

By his fourth issue, Nevins asserts that
the trial court erred by implicitly denying his objections to Whitley's summary
judgment evidence.  In particular, Nevins
argues that the trial court impermissibly considered objected-to parol evidence
in the summary judgment affidavits of the original grantor and grantee.[9]  








A trial court does not implicitly
sustain, by granting the motion, objections to summary judgment evidence where
there is no ruling or order.  See
Jones v. Ray Ins. Agency, 59 S.W.3d 739, 752 (Tex. App.BCorpus Christi 2001), pet. denied,
92 S.W.3d 530 (Tex. 2002).  For there to
be an implicit ruling on a party's objection to summary judgment evidence, some
indication must appear in the record or in the summary judgment itself, other
than the mere granting of the summary judgment, that the trial court ruled on
the objection.  Id. at 753
(citing Tex. R. App. P. 33.1(a)(2)(A) and stating that a
trial court must either expressly or implicitly rule on objection for complaint
to be preserved for review); see also Columbia Rio Grande Reg'l Hosp. v.
Stover, 17 S.W.3d 387, 395 (Tex. App.BCorpus Christi 2000, no pet.).  








Nevins bore the burden of obtaining a
ruling on his objections.  See Ray
Ins. Agency, 59 S.W.3d at 753.  He
did not do so.  Nor is there any
indication in the record or in the summary judgment itself that the trial court
sustained Nevins's objections on the basis of parol evidence.  In the absence of a ruling or written order
on Nevins's objections or any other indication in the record or in the summary
judgment itself that the trial court implicitly or explicitly sustained those
objections, we find that the affidavits attached to Whitley's summary judgment
motion are in evidence as part of the summary judgment record.  See In re Estate of Schiwetz, 102
S.W.3d 355, 360-61 (Tex. App.BCorpus Christi 2003, no pet.); see
also Hoyt, 105 S.W.3d at 337 n.2 (citing Utils. Pipeline Co. v. Am.
Petrofina Mktg., 760 S.W.2d 719, 723 (Tex. App.BDallas 1988, no writ)).  It follows that, in the absence of a ruling
or written order or other indication the trial court implicitly or explicitly
sustained the objections to the summary judgment evidence, the affidavits were
properly before the trial court.  See Tex. R. Civ. P. 166a(a), (c).[10]  The trial court was free to consider and
believe both, one, or neither affidavit. 

We overrule Nevins's fourth issue.  

C. The Trial Court's Construction of the
Easement Terms

By his fifth issue, Nevins asserts that,
by its granting of Whitley's summary judgment, the trial court impermissibly
changed essential terms of the easement by (1) construing the word
"grantee" to mean "grantee, his heirs and assigns," and (2)
declaring "rights" rather than "imposing obligations."  

We must read the easement as a whole in
determining its meaning.  Dewitt County Elec. Coop., Inc. v.
Parks, 1 S.W.3d 96, 101 (Tex. 1999). 
The conveyance contains the following language:

To have
and to hold the above described and conveyed property together with all and
singular the rights, improvements and appurtenances to the same in any
manner belonging, incident or appertaining unto the said Grantee, his heirs
and assigns, forever.  

 








(Emphasis
supplied).  By its plain terms, the
instrument unequivocally bound the original grantee and "his heirs and
assigns, forever" as to "the rights" conveyed.  We have already concluded relief by
declaratory judgment is proper.  The
judgment provided the relief requested. 
The relief requested was consistent with the terms of  the instrument of conveyance.  We find no error.  

We
overrule Nevins's fifth issue.

V.  ANALYSIS OF THE DECISION TO DENY NEVINS'S
MOTION

By his
sixth issue, Nevins asserts that disputed issues of material fact raised in his
summary judgment response precluded summary judgment.  In particular, the issues of material fact
Nevins terms "judgment points" are (1) whether the easement
"imposed obligations" or conveyed "rights," (2) the
validity of the easement, (3) whether by non-use the easement terminated on its
own terms, and (4) the merits of Nevins's adverse possession claim.  By his seventh issue, Nevins asserts that
there was no or insufficient evidence to sustain the relief granted.  Essentially, Nevins assigns error to the
denial of his motion for summary judgment. 
See Tex. R. App. P 38.1(e).  Therefore, we review Nevins's first and
second issues with his sixth and seventh issues.  

By our
disposition of Nevins's fifth issue, we have already concluded that the
declaratory judgment soundly interpreted the instrument of conveyance and
declared the parties' rights.  We turn to
Nevins's remaining "judgment points." 
As grounds in his request for declaratory and summary judgment relief,
Nevins asserted that (1) the easement terminated by its own terms for non-use,
and (2) Nevins adversely possessed the easement.  

A.  Termination for Non-Use








By his
counterclaim and summary judgment motion, Nevins requested that the trial court
declare the easement terminated because Mr. Holtz, the original grantee, failed
to use the easement for a period exceeding two years.  In support of this summary judgment ground,
Nevins focused on the following paragraph in the instrument of conveyance:

(2) This
easement and right-of-way shall terminate in the event the Grantee fails to use
the same for a period of two consecutive years. 
This easement is granted as a convenience, and not as a way of
necessity.

 

In
particular, appellants asserted that the term "grantee" meant the
original "grantee," 

Mr. Holtz,
and that he failed to use the easement for two years.  However, in our disposition of Nevins's fifth
issue, after examining the record, we have already concluded that the conveying
instrument by its terms bound Mr. Holtz and "his heirs and assigns, forever."  The parties do not dispute that Whitley is
assignee under the conveyance.  The
summary judgment evidence shows no two-year lapse in the use of the roadway
easement.  Because the easement bound the
original grantee and his heirs and assigns forever, and because the easement
was in continuous use, the easement did not terminate; it remained valid, and
was enforceable.  The trial court's
refusal to declare the easement terminated is supported by the record evidence.  We conclude that the trial court properly
denied Nevins's summary judgment motion on this ground.  See Tex.
R. Civ. P. 166a(c).   

B.  Adverse Possession








As
additional grounds, Nevins stated that the trial court improperly denied
declaratory judgment relief on his summary judgment ground asserting the
affirmative defense of adverse possession.[11]  In particular, Nevins asserted that Whitley
failed to bring suit to recover the fenced property within ten years after the
fenced area was adversely possessed.  

1.  Standard of Review on Affirmative Defense

A movant
must either negate at least one essential element of the nonmovant's cause of
action or prove all essential elements of an affirmative defense.  See Randall's Food Mks., Inc. v. Johnson,
891 S.W.2d 640, 644 (Tex. 1995); see also MMP, Ltd. v. Jones, 710 S.W.2d
59, 60 (Tex. 1986) (per curiam).  In
order to prevail, every factual element of an affirmative defense must be
conclusively established.  Swilley v.
Hughes, 488 S.W.2d 64, 67 (Tex. 1972); see Montgomery v. Kennedy,
669 S.W.2d 309, 314 (Tex. 1984).  Since
the burden of proof is on the movant, and all doubts about the existence of a
genuine issue of a material fact are resolved against the movant, we must view
the evidence and its reasonable inferences in the light most favorable to the
nonmovant.  See Great Am. Reserve Ins.
Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).  The only question is whether or not an issue
of material fact is presented.  See Tex. R. Civ. P. 166a(c).

2.  The Law








An
affirmative defense is by its nature "one of confession and
avoidance" which seeks to establish an independent reason why the
plaintiff should not prevail.  Tex.
Beef Cattle Co. v. Green, 921 S.W.2d 203, 212 (Tex. 1996).  Adverse possession is defined as "an
actual and visible appropriation of real property, commenced and continued
under a claim of right that is inconsistent with and is hostile to the claim of
another person."  Tex. Civ.
Prac. & Rem. Code
Ann. ' 16.021(1)
(Vernon 2002); see also Rhodes v. Cahill, 802 S.W.2d 643, 645 (Tex.
1990); Garza v. Maddux, 988 S.W.2d 280, 288 (Tex. App.BCorpus
Christi 1999, pet. denied); Clements v. Corbin, 891 S.W.2d 276, 278
(Tex. App.BCorpus
Christi 1994, writ denied).  To establish
title through adverse possession, "the possession must be of such
character as to indicate unmistakably an assertion of a claim of exclusive
ownership in the occupant."  Clements,
891 S.W.2d at 278 (quoting Rick v. Grubbs, 214 S.W.2d 925, 927 (Tex.
1948)). The question of adverse possession normally is a question of fact, so
only in rare instances is a court justified in holding that adverse possession
has been established as a matter of law. 
Bywaters v. Gannon, 686 S.W.2d 593, 595 (Tex. 1985).  A person must bring suit not later than ten
years after the day the cause of action accrues to recover real property held
in peaceable and adverse possession by another who cultivates, uses, or enjoys
the property.  See Tex. Civ.
Prac. & Rem. Code
Ann. ' 16.026
(Vernon 2002).

3.  Disposition








In this
case, the parties do not dispute that Nevins constructed a fence enclosing part
of the easement.  Nevins points to
Whitley's live pleading and a letter in summary judgment evidence from one of
Whitley's counsel in which the fence is alleged to be in "direct violation
of the express terms of the easement" and "openly addressed the
adverse possession issue," respectively.[12]  In the context of his live pleading and
summary judgment motion and evidence, Nevins essentially asserted that, because
Whitley did not bring suit within the statutory ten year period to recover the
property adversely possessed, Nevins was entitled to a declaration that the
easement was terminated based on adverse possession grounds.  See Tex.
R. App. P. 38.1(e).  Nevins further asserted that his adverse
possession of the property negated the validity and enforcement of the
easement, and, thus, Whitley's summary judgment motion must fail.  








At the
crux of Nevins's affirmative defense is the fence, which undisputedly encumbers
a portion of the easement.  Under adverse
possession case law, there are two kinds of fences: "casual fences"
and fences that "designedly enclose" an area.  Rhodes, 802 S.W.2d at 646.  If the fence existed before the claimant took
possession of the land and the claimant fails to demonstrate the purpose for
which it was erected, then the fence is a "casual fence."  Id.; Terrill v. Tuckness, 985
S.W.2d 97, 108 (Tex. App.BSan
Antonio 1998, no pet.).  Nevins's summary
judgment evidence does not demonstrate the purpose for which the fence was
erected.  Thus, the trial court could
have concluded that the fence was a casual fence and, accordingly, the
encumbrance was not adversely possessed. 
See Rhodes, 802 S.W.2d at 646 (holding that the person claiming
adverse possession did not establish as a matter of law that the fence
surrounding the encumbered tracts was a designed enclosure rather than a casual
fence and, accordingly, did not conclusively establish title to the land by
adverse possession).  Further, one
seeking to establish title to land by virtue of the statute of limitations has
the burden of proving every fact essential to that claim.  Ramirez v. Wood, 577 S.W.2d 278, 287
(Tex. Civ. App.BCorpus
Christi 1978, no writ).  In denying
Nevins's summary judgment, the trial court could have found that Nevins failed
to prove the essential elements of his adverse possession affirmative defense.

Reviewing
all the summary judgment evidence under the applicable standard of review, we
conclude that the summary judgment evidence in this case is sufficient to
sustain the summary judgment in favor of appellees.  Thus, Whitley established by his summary judgment motion and
evidence that there existed no genuine issue of material fact, and that he
was entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Hoyt, 105 S.W.3d
at 345; FM Props. Operating Co., 22 S.W.3d at 872.  However, Nevins did not conclusively establish
all the essential elements of his affirmative defense.  Hoyt, 105 S.W.3d at 345.  We further conclude that the trial court
properly granted Whitley's motion and properly denied Nevins's motion.

Accordingly,
we overrule Nevins's first, second, sixth, and seventh issues. 

VI.  CONCLUSION

Having
overruled Nevins's seven issues, we affirm the trial court's declaratory
judgment in favor of Whitley.

ERRLINDA CASTILLO

Justice

 

Memorandum Opinion delivered and filed

this the 25th day of August, 2005.                     











[1] See Tex.
R. App. P. 47.2, 47.4.  





[2] Appellees are Neil Whitley,
Loretta Whitley, Royce Berger, Vicki Berger, Hugo Dittert, Shirley Dittert,
James Maner, Linda Maner, John Shannon, and Wynona Shannon.





[3] Appellants are James Nevins,
Melissa Nevins, Edward Heinhold, and Irene Heinhold. 





[4] In virtually identical affidavits,
the original grantor and original grantee state, "Each time the word
Grantee is used in said Easement, I meant it to include Grantee, his heirs and
assigns, forever."  In these
affidavits, the original grantor and grantee further attested that they did not
mean that the easement would terminate if the "original grantee, Val W.
Hotz, failed to use the Easement for a period of two years."





[5] The letter, dated February 14,
1992, states, in part:

 

Dear Mr. Nevins:

 

I have been contacted by some of
the property owners living in your area concerning a 40-foot roadway easement
that exists over part of your property. 
It is my understanding that you have threatened to interfere with my
clients' right to maintain the 40-foot easement area.  Please be advised that under Texas law, a
roadway easement is considered as the "dominant estate."  The easement owners have the superior right
to use and maintain the easement area in such a way that is reasonable and
necessary for their use and enjoyment of their properties.  Therefore, my clients have the right to use
the full 40-foot area and the right to maintain such 40-foot area without
obtaining any permission from you.  We
ask that you refrain from taking any actions that will interfere with this use
and maintenance.  If need be, we will
take legal action to enforce our rights.

 

It has also come to our attention
that you have built a fence onto the 40-foot easement area.  Although we have the legal right to make you
remove your fence from the 40-foot area, in the spirit of neighborly
cooperation, we will not require you to remove the fence at this time.  However, you should understand leaving your
fence on the easement area is only temporary and with our permission.  We reserve the right to have all obstructions
on the 40-foot roadway easement area removed at any time. 

 





[6] Whitley's attorney fee affidavit
attested to specified "reasonable, necessary, equitable" fees for
prosecuting the case, for direct appeal, and appeal to the Supreme Court.





[7] The trial court severed the
remaining claims and entered a final judgment. 





[8] See Tex.
Prop. Code Ann. ' 22.001(a) (Vernon 2000) ("A
trespass to try title action is the method of determining title to . . . real
property.").





[9] The original grantor, Mr. York,
and the original grantee, Mr. Hotz, attested in their affidavits their intent
as to the term "grantee" as used in the conveyance of the
easement.  See note 3.





[10] Even assuming that the trial court
implicitly overruled Nevins's objections, as Nevins maintains, the standards
for determining the admissibility of evidence in a summary judgment proceeding are
the same as those applied in a trial.  United
Blood Servs. v. Longoria, 938 S.W.2d 29, 30 (Tex. 1997) (per curiam).  Decisions about the admissibility of evidence
are left to the sound discretion of the trial court. Owens‑Corning
Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998); Gee v. Liberty
Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex. 1989); Pegasus Energy
Corp. v. Cheyenne Petroleum Co., 3 S.W.3d 112, 133 (Tex. App.BCorpus Christi 1999, pet.
denied).  An abuse of discretion exists
when the court's decision is arbitrary or unreasonable.  Aquamarine Operators, Inc., 701 S.W.2d
238, 241(Tex. 1985).  We are not required
to ascertain the credibility of affiants or to determine the weight of evidence
in the affidavits, depositions, exhibits, and other summary judgment
proof.  See Gulbenkian v. Penn,
252 S.W.2d 929, 932 (Tex. 1952).  Nothing
in the record demonstrates that the affidavits of the disinterested witnesses
were not controvertible.  On this record,
we cannot conclude that the trial court acted without reference to guiding
principles in implicitly overruling the objections.  Id.  

 





[11] We note Nevins's argument
regarding a trespass to try title proceeding as discussed previously in our
disposition of Nevins's third issue. 
However, we construe Nevins's counterclaim as an action for declaratory
judgment and not in trespass to try title because Nevins does not state
differently either in his summary judgment motion or on appeal.  See Tex.
R. App. P. 38.1(e). 





[12] See footnote 4.