**NUECES COUNTY, Petitioner,**

v.

**SAN PATRICIO COUNTY, Respondent.**

No. 07–0166.

Supreme Court of Texas.

Jan. 25, 2008.

Rehearing Denied March 28, 2008.

Douglas E. Chaves, James W. Wray Jr., Chaves, Resendez & Rivero, L.L.P., Laura Garza Jimenez, Nueces County Attorney, Corpus Christi, TX, for Petitioner.

Wm. G. Burnett, John H. Miller, Attorney At Law, David H. Aken Jr., County Attorney, Sinton, TX, for Respondent.

PER CURIAM.

Nueces County collected ad valorem taxes on property later determined in a boundary dispute to belong to its neighbor San Patricio County. We must decide whether governmental immunity protects Nueces County from San Patricio County's suit to recover the taxes that it paid. We hold that it does, and reverse the court of appeals' judgment.

San Patricio County sued Nueces County under Local Government Code section 72.009 to establish their common boundary line. *See* TEX. LOC. GOV'T CODE § 72.009. As part of that suit, San Patricio County sought to recover taxes that Nueces County had collected on the disputed land. The trial court resolved the boundary dispute as to some of the disputed land in San Patricio County's favor, but held that Nueces County was protected by governmental immunity from San Patricio County's suit to recover the taxes collected by Nueces County on the land. The court of appeals affirmed the trial court's boundary determination but reversed its dismissal of the tax-recovery suit, concluding that governmental immunity did not protect Nueces County. 214 S.W.3d 536, 553–54. Reasoning by analogy to cases holding that municipalities do not enjoy governmental immunity when performing proprietary functions, the court of appeals held that counties enjoy immunity only when "carrying out governmental activities implicitly

delegated by the State to be carried out." *Id.* at 553 (citing *City of Galveston v. Posnainsky*, 62 Tex. 118, 128 (1884)). The court concluded that governmental immunity does not protect Nueces County because its assessment and collection of ad valorem taxes on property not located within its boundaries is not a governmental activity delegated by the state. *Id.*

The court of appeals reasoned that immunity does not exist in the first instance, an argument asserted by the state, though on different grounds, in *City of Galveston v. Texas*, 217 S.W.3d 466, 471 (Tex.2007). Identifying no waiver of immunity here, the court of appeals determined that immunity does not exist when a county acts beyond its delegated power. 214 S.W.3d at 553. But we have said that the distinction between waiving immunity and finding it nonexistent is a fine one that yields the same effect and, "[d]ue to the risk that the latter could become a ruse for avoiding the Legislature, courts should be very hesitant to declare immunity nonexistent in any particular case." *City of Galveston*, 217 S.W.3d at 471. Governmental immunity, then, would presumptively apply in this suit between counties.

The court of appeals' reasoning that Nueces County was not entitled to immunity because it acted beyond its governmental authority in taxing what turned out to be San Patricio's land is additionally flawed to the extent it is based upon a line of cases holding that *cities* do not enjoy immunity from suit when they undertake "proprietary" rather than "governmental" functions. The court of appeals reasoned that, although counties are granted the power to assess taxes on their own land, they have no governmental authority to tax other counties' land; when they do, they act beyond their governmental authority and thus outside sovereign immunity's protections. 214 S.W.3d at 553; *see*

Tex. Const. art. VIII, § 1–a (granting counties the exclusive right to assess ad valorem taxes on property within their own boundaries).

However, as "involuntary agents of the state" without the power to serve the local interests of their residents, counties have no "proprietary" functions; all of their functions are "governmental" in nature. Tex. Const. art. XI, § 1 interp. commentary; *Posnainsky*, 62 Tex. at 128. The court of appeals' premise that Nueces County is not entitled to immunity because it mistakenly taxed land beyond its boundaries does not diminish the governmental nature of Nueces County's actions. Virtually all negligent or improvident action on the part of a governmental unit could be characterized as action beyond its delegated constitutional authority. But such characterization does not deprive the governmental unit of immunity. For example, in *City of Galveston*, we held that the city was shielded by governmental immunity even though it presumably had no delegated constitutional power to negligently destroy state roads. *See City of Galveston*, 217 S.W.3d at 468. We have likewise recognized immunity in suits alleging that the governmental unit exercised what could as well be characterized as nondelegated powers, like collection of illegal taxes from voluntary payers, *see Dallas County Cmty. Coll. Dist. v. Bolton*, 185 S.W.3d 868, 876–79 (Tex.2005), injury against citizens, *see Posnainsky*, 62 Tex. at 125, and breach of contract, *see Tooke v. City of Mexia*, 197 S.W.3d 325, 328 (Tex.2006). Governmental immunity nevertheless shields counties against such suits absent express legislative waiver. *Cf. Tooke*, 197 S.W.3d at 332 (noting that one of the primary policies behind governmental immunity is to shield the public from "the costs and consequences of improvident actions of their governments").

San Patricio County contends that allowing a money-damages suit against Nueces County under these circumstances is consistent with the policies supporting governmental immunity, insofar as the suit does not seek to divert Nueces County's properly collected tax resources from their intended purpose; rather, Nueces County is itself the wrongful depletor of tax revenues which belong to San Patricio County. *See Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 854 (Tex.2002). However, we emphasized in *City of Galveston* that the "heavy presumption in favor of immunity" derives not just from principles related to separation of powers but from practical concerns: "In a world with increasingly complex webs of governmental units, the Legislature is better suited to make the distinctions, exceptions, and limitations that different situations require. The extent to which any particular city, county, port, municipal utility district, school district, or university should pay damages involves policy issues the Legislature is better able to balance." *City of Galveston,* 217 S.W.3d at 469. That principle holds equally true here.

Accordingly, without hearing oral argument, we grant the petition for review, vacate the court of appeals' judgment, and render judgment dismissing San Patricio County's claim for damages for lack of jurisdiction. *See* Tex.R.App. P. 59.1, 60.2(c).