

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00291-CV

DOUGLAS RUBINS, APPELLANT

V.

THE PEOPLE OF THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 100,630-B, Honorable John B. Board, Presiding

June 4, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

This is an appeal from a dismissal of Douglas Rubins' civil rights claims against the "People of the State of Texas." In May of 2012, Rubins had originally sued Texas and various other entities or individuals. Some were dismissed based on a plea to jurisdiction. That issue was appealed, which appeal was subsequently dismissed. Thereafter, Rubins requested the trial court for permission to continue prosecuting the cause and was granted same. Eventually, Rubins moved the trial court to drop all

defendants except the State of Texas.[1]  Thereafter, the Attorney General's office filed an "*Amicus Curiae* Motion to Dismiss" in which it asserted that the State of Texas had never been properly served and that, even if it had, the State has sovereign or governmental immunity.  The trial court granted the motion, and we affirm.

Regarding the issue of service of process, a party makes a general appearance when it invokes the judgment of the trial court on any question other than jurisdiction or seeks affirmative action.  *Exito Elecs. v. Trejo,* 142 S.W.3d 302, 304 (Tex. 2004).  In moving the trial court to dismiss, it can be said that the State sought affirmative relief from the trial court.  Arguably, it made a general appearance vitiating complaints about service of process.  Yet, that is not a matter we need resolve since it is clear that subject matter jurisdiction did not exist.

A state cannot be sued in her own courts without her consent.  *Tooke v. City of Mexia*, 197 S.W.3d 325, 331 (Tex. 2006).  Sovereign immunity protects the state and its various divisions from suit and liability.  *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003).  It is generally presumed that immunity applies.  *Nueces County v. San Patricio County*, 246 S.W.3d 651, 652 (Tex. 2008).  However, immunity can be waived by statute.  *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.025 (West 2011).  The State has waived its

---

[1] Rubins originally sued a deceased magistrate, Bennett Morrow (by service on the Attorney General), the Potter County Attorney, the Potter County Sheriff, County Judge W. F. Roberts, and the Texas Department of Public Safety.  Pleas to the jurisdiction were filed by all but the State of Texas and Bennett Morrow.  The pleas were granted, and Rubins appealed.  That appeal was dismissed on December 14, 2012 for failure to pay the filing fee. On June 10, 2014, Rubins filed with the trial court a "Verified Motion to Retain" asking that his lawsuit be retained as to the State of Texas.  The court granted the motion.  He also filed a document entitled "Request for Leave to Amend the Heading and the Complaint."  Through the latter, he evinced his intent to "delete other persons from the Complaint, so those claims will only be against THE PEOPLE OF THE STATE OF TEXAS, as relief."  To the extent that any other party may have remained in the cause at that time, we interpret the latter request as his non-suit of them.

immunity for property damage and personal injury proximately caused by the wrongful act or omission or negligence of an employee acting within the scope of his employment if the damage or injury arises from the operation or use of a motor-driven vehicle or motor-driven equipment and the employee would be personally liable to the claimant according to Texas law. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1) (West 2011). However, Rubins' claims arise from his purportedly wrongful arrest and prosecution and do not arise from the operation of a vehicle or equipment. Moreover, immunity is not waived for intentional torts, *id.* § 101.057(2), and claims of malicious prosecution and abuses of process constitute intentional torts for which immunity is not waived. *Harris v. Francis*, No. 05-99-00866-CV, 2000 Tex. App. LEXIS 1067, at *11-12 (Tex. App.—Dallas February 16, 2000, no pet.) (not designated for publication). Therefore, the court did not have subject matter jurisdiction under § 101.021.

Rubins contends that jurisdiction exists under Chapters 102, 103, 104, 105, 106 and 107 of the Civil Practice and Remedies Code. Nevertheless, he does not further explain their applicability. Chapter 102 relates to payment by a local government of actual tort damages awarded against an employee of a local government. *Id.* § 102.002(a) (West 2011). However, this chapter does not negate the requirements of § 101.021.

Chapter 103 relates to compensation to persons wrongfully imprisoned in various specified situations when the person has received a pardon or been granted relief under a writ of habeas corpus wherein the court or state finds or concedes that the person was innocent. *Id.* § 103.001(a) (West Supp. 2014). Nothing in this record indicates such a finding or concession.

3

Chapter 104 relates to indemnification by the State of state employees for damages. Yet, it does not waive immunity available to the State or its officers, employees, or contractors. *Id.* § 104.008 (West 2011); *Perry v. Texas A & I Univ.*, 737 S.W.2d 106, 108 (Tex. App.—Corpus Christi 1987, writ ref'd n.r.e.); *accord Elmakiss v. Rogers*, No. 12-09-00392-CV, 2011 Tex. App. LEXIS 6749, at *10 (Tex. App.—Tyler August 24, 2011, pet. denied) (stating the same).

Chapter 105 relates to cases in which a state agency has asserted a cause of action against another party in a civil suit and the claim is frivolous. *Id.* § 105.002. The pleadings evince no such cause of action being asserted by a state agency here.

Chapter 106 relates to suits founded upon discrimination involving race, religion, color, sex, or national origin. *Id.* § 106.001. Allegations of such ilk do not appear at bar.

Chapter 107 concerns resolutions granting permission to sue the State. *Id.* § 107.001. No such resolution appears in this record.

As for his allegation regarding due process and 42 U.S.C. § 1983, that federal civil rights statute does not effectively waive sovereign immunity. This is so because a state is not a person. *Terrell v. Sisk*, 111 S.W.3d 274, 282 (Tex. App.—Texarkana 2003, no pet.). That statute permits actions to be brought only against "persons." 42 U.S.C.A. § 1983 (2012) (stating that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.").

The trial court did not err in dismissing the suit against the State of Texas. Accordingly, the order is affirmed.


Per Curiam