

IN THE
TENTH COURT OF APPEALS

No. 10-12-00102-CV

THE CITY OF CALDWELL, TEXAS,

Appellant

v.

PAUL LILLY,

Appellee

From the 335th District Court
Burleson County, Texas
Trial Court No. 26,407

MEMORANDUM OPINION

Appellant, the City of Caldwell (the "City"), complains about the trial court's denial of its plea to the jurisdiction in favor of appellee, Paul Lilly. In two issues, the City contends that the trial court erred in denying the plea to the jurisdiction because Chapter 101 of the Texas Labor Code does not waive governmental immunity and does not apply to public employees, and because Lilly's claims are barred by res judicata, collateral estoppel, and the statute of limitations. We reverse and render judgment dismissing Lilly's claims for lack of jurisdiction.

## I.  BACKGROUND

This is a wrongful-termination lawsuit brought by Lilly, who served as the City's Chief of Police from March 2007 to February 17, 2009.  In his live pleading, Lilly asserted that he was terminated because of his membership in a police officers' union—the Combined Law Enforcement Association of Texas ("CLEAT").[1]  Lilly noted that Billy Clemons, a City Administrator, issued an "Employee Statement of Discipline" to him on January 5, 2009.  Pursuant to the City's grievance procedures, Lilly appealed the statement of discipline to the City Council.  A meeting was held on February 2, 2009 to hear Lilly's appeal, and at the hearing, Lilly was represented by a CLEAT staff attorney.

At the conclusion of the hearing, members of the City Council denied Lilly's appeal.  Lilly states that he received an email a few days later from Clemons, which allegedly stated the following:

> The mayor just came in and told me that on Monday night the 9th, the council will do the review/evaluations on us that they never got around to before.  I asked him if y'all and I needed to be present and he said no, except that Kathy and I need to attend the first part of the meeting because they want to have a workshop on the permitting and inspections stuff.  None of the 3 of us will be invited in for the evaluations, which I am told is not so much an evaluation as it is to discuss the direction of the departments themselves.  There is no more need for the 3 of us to be concerned than there was before, as I told y'all then.  My interpretation is that we may face some changes in the way things are being done, but that our employment is not at stake in this process, should you be worried about that.

---

[1] Lilly noted in his live pleading that CLEAT is a non-profit organization consisting of over 17,000 police officers, correctional officers, public-safety employees, and other board-approved members throughout the State of Texas.  Lilly also asserted that the CLEAT is a "labor union" within the meaning of section 101.051 of the Texas Labor Code.  *See* TEX. LAB. CODE ANN. § 101.051 (West 2006) (defining a "labor union" as "an incorporated or unincorporated association, group, union . . . of working persons organized and existing to protect those persons and to improve their working conditions, wages, or employment relationships . . .").

Subsequently, on February 17, 2009, the City Council convened to discuss, among other things, "the employment evaluation, duties, discipline or dismissal of Police Chief Paul Lilly." Lilly claims that he was present for part of the February 17, 2009 meeting and that the mayor asked several questions and made a number of remarks regarding Lilly's hiring of a CLEAT staff attorney to represent him.[2] Following the February 17, 2009 meeting, City Council members and the mayor voted unanimously to terminate Lilly's employment, based on a no-confidence vote.

According to the City, Lilly responded to his termination by filing suit in federal court, alleging violations of the Texas Labor Code and the First Amendment to the United States Constitution. With respect to this initial lawsuit, the City filed a motion to dismiss. Lilly failed to respond to the City's dispositive motion, which resulted in United States District Court Judge Sam Sparks sanctioning Lilly's attorney and dismissing Lilly's claims without prejudice.

Lilly later re-filed in federal court. The City asserts that Lilly alleged the same facts in his second lawsuit as he did in the first lawsuit; but he asserted only a First-Amendment claim in the second lawsuit. The City later filed a motion for summary judgment, which Judge Sparks eventually granted.

---

[2] Lilly contends that the City's mayor, Bernard Rychlik, told him, among other things, that he did not have to get a union lawyer involved in this matter; that when the union lawyer got involved, "things got totally out of hand. That was uncalled for"; and that "[w]e ended up with two union lawyers and everything got out of hand. We just do not do that here in Caldwell." And, according to Lilly, Rychlik noted that the January 5, 2009 statement of discipline sent to Lilly was intended to document a matter, not serve as a reprimand or written warning.

On February 16, 2011, Lilly filed his original petition in the 335th Judicial District Court of Texas, asserting that the City and City Council members, Jonnie Vic Barnett, Jessie Enrique Jr., James Hadley, Norris McManus, and James Wilde, wrongfully terminated him based on his union membership.[3] Lilly subsequently amended his original petition on September 16, 2011.

In response to Lilly's state-court lawsuit, the City filed a plea to the jurisdiction, special exceptions, and original answer. Also contained in this pleading were arguments pertaining to the affirmative defenses of res judicata, collateral estoppel, and the statute of limitations. After a hearing, the state-district-court judge denied the City's plea to the jurisdiction without explanation. Thereafter, the City filed its notice of accelerated, interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) (West. Supp. 2011); *see also* TEX. R. APP. P. 28.1(a).

## II. STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea based on governmental immunity challenges the trial court's subject-matter jurisdiction. *Id.*; *see State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). Whether the trial court has subject-matter jurisdiction and whether the pleader has alleged facts that affirmatively demonstrate the trial court's subject-matter jurisdiction are questions of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

---

[3] Barnett, Enrique Jr., Hadley, McManus, and Wilde are not parties to this appeal.

The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228. If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do, even those facts which may implicate the merits of the cause of action. *Id.* at 227.

A trial court's review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a traditional motion for summary judgment. *Id.* at 228; *see* TEX. R. CIV. P. 166a(c). The governmental unit is required to meet the summary judgment standard of proof for its assertion that the trial court lacks jurisdiction. *Miranda*, 133 S.W.3d at 228. Once the governmental unit meets its burden, the plaintiff is then required to show that there is a disputed material fact regarding the jurisdictional issue. *Id.* If the evidence creates a fact question regarding jurisdiction, the trial court must deny the plea to the jurisdiction and leave its resolution to the factfinder. *Id.* at 227-28. But, if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228. "In considering this evidence, we 'take as true all evidence favorable to the nonmovant' and 'indulge every reasonable inference and resolve any doubts in the nonmovant's favor.'" *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009) (quoting *Miranda*, 133 S.W.3d at 228).

### III.    GOVERNMENTAL IMMUNITY

In its first issue, the City argues that the trial court erred in denying its plea to the jurisdiction because the City is entitled to governmental immunity.  Specifically, the City contends that Chapter 101 of the Texas Labor Code does not unambiguously waive immunity, and it does not apply to public employers.  Lilly counters that he pleaded sufficient jurisdictional facts to demonstrate that the City violated sections 101.001, 101.052, and 101.301 of the Texas Labor Code and section 617.004 of the Texas Government Code.[4]  *See* TEX. LAB. CODE ANN. §§ 101.001, 101.052, 101.301 (West 2006); *see also* TEX. GOV'T CODE ANN. § 617.004 (West 2012).

## A.    Applicable Law

Sovereign immunity protects the State and its various divisions from lawsuits for money damages.  *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002).  Governmental immunity provides similar protections to the political subdivisions of the state, such as counties, cities, and school districts.  *Wichita Falls State*

---

[4] Though not a model of clarity, Lilly alleged a "Texas Labor Code Section 101.001 *et seq* Claim" against the City in his live pleading.  (Emphasis in original).  *See* BLACK'S LAW DICTIONARY 455 (7th ed. 2000) (defining "et seq." as "[a]nd those (pages or sections) that follow").  Lilly did not expressly reference sections 101.052 and 101.301 of the Texas Labor Code.  The City filed special exceptions, claiming that Lilly's live pleading is "general, vague[,] and conclusory" with regard to the "alleged violations of Chapter 101 of the Texas Labor Code.  The record does not contain a ruling on the City's special exceptions.

Nevertheless, the substance of Lilly's allegations touches on the aforementioned provisions.  Accordingly, in deciding this matter, we will consider Chapter 101 of the Texas Labor Code in its entirety.  *See id.*  However, Lilly did not assert a violation of section 617.004 of the Texas Government Code in his live pleading.  *See* TEX. GOV'T CODE ANN. § 617.004 (West 2012) ("An individual may not be denied public employment because of the individual's membership or non[-]membership in a labor organization.").  Thus, section 617.004 of the Texas Government Code is outside the scope of our review of this matter.  *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex. 2004) (noting that, in determining whether the plaintiff has alleged facts demonstrating that the trial court has jurisdiction, we construe the *pleadings* liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the *pleadings*).

*Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). Governmental immunity encompasses two components: (1) immunity from liability, which bars enforcement of a judgment against a governmental entity; and (2) immunity from suit, which bars suit against the entity altogether. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). If the Legislature has not expressly waived immunity from suit, the State retains such immunity even if its liability is not disputed. *IT-Davy*, 74 S.W.3d at 853. Immunity from liability protects the State from money judgments even if the Legislature has expressly given consent to sue. *Id.* A plaintiff who sues the State must establish the State's consent to suit. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Otherwise, sovereign immunity from suit defeats a trial court's subject-matter jurisdiction. *Id.* And, municipalities, such as the City, enjoy a "'heavy presumption in favor of immunity.'" *Harris County Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 848 (Tex. 2009) (quoting *Nueces County v. San Patricio County*, 246 S.W.3d 651, 653 (Tex. 2008)).

As stated earlier, Lilly pleaded several violations of Chapter 101 of the Texas Labor Code. On appeal, Lilly references sections 101.001, 101.052, and 101.301 of the Texas Labor Code. Section 101.001 provides that: "All persons engaged in any kind of labor may associate and form trade unions and other organizations to protect themselves in their personal labor in their respective employment." TEX. LAB. CODE ANN. § 101.001. Further, section 101.052 prohibits the denial of employment based on membership or non-membership in a labor union. *Id.* § 101.052. And, section 101.301 notes that:

(a) The right of a person to work may not be denied or abridged because of membership or non[-]membership in a labor union or other labor organization.

(b) In the exercise of the right to work, each person shall be free from threats, force, intimidation, or coercion.

(c) A person who violated this subchapter is liable to a person who suffers from that violation for all resulting damages.

*Id.* § 101.301.

## B.    Discussion

In his response to the City's plea to the jurisdiction, Lilly admitted that the City itself "may claim sovereign or governmental immunity."  Moreover, Lilly did not provide any further statements to refute the City's immunity argument.  Instead, Lilly focused on the actions of the City Council members who are not parties to this appeal. Despite this admission, Lilly argues on appeal that:  (1) immunity does not apply in this case because he has pleaded a statutory violation by a governmental entity; (2) declaratory, injunctive, and mandamus relief is not barred by sovereign immunity if the governmental entity fails to comply with a statute; and (3) Chapter 101 of the Texas Labor Code applies to governmental entities.  We have several problems with Lilly's pleadings and appellate arguments.

First, a review of Lilly's live pleading shows that he did not plead for declaratory, injunctive, or mandamus relief; thus, he cannot now recast his pleadings in an effort to defeat the City's immunity argument.  *See Miranda*, 133 S.W.3d at 226, 228 (noting that our review of a governmental entity's plea to the jurisdiction is confined to the pleadings and evidence before the trial court); *see also Head v. U.S. Inspect DFW, Inc.*,

159 S.W.3d 731, 742 (Tex. App.—Fort Worth 2005, no pet.) ("A plaintiff by artful pleading cannot recast a claim in order to avoid the adverse effect of a statute."). Second, Lilly does not direct us to any portion of Chapter 101 of the Texas Labor Code that clearly and unambiguously waives the City's immunity. *See* TEX. LAB. CODE ANN. §§ 101.001-.303 (West 2006); *see also City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007) ("While this immunity can be waived, we have consistently deferred to the Legislature to do so; indeed, we have said immunity from liability 'depends entirely upon statute.' For its part, the Legislature has mandated that no statute should be construed to waive immunity absent 'clear and unambiguous language.'") (quoting TEX. GOV'T CODE ANN. § 311.034 (West Supp. 2011); *Dallas County Mental Health & Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998)).

In addition, Lilly has not directed us to relevant authority stating that a governmental entity waives immunity by simply violating a statute, even though no provisions in the chapter clearly and unambiguously indicate the State's consent to suit. *See, e.g., Jones*, 8 S.W.3d at 638 (stating that sovereign immunity deprives the trial court of subject-matter jurisdiction for lawsuits in which the State or certain governmental units have been sued unless the State consents to suit). Furthermore, in his live pleading, Lilly requested (1) reinstatement at a rate of pay "to which he would have been entitled but for his termination, together with all wages, benefits, and seniority lost from February 17, 2009 until the date of his reinstatement"; (2) compensatory damages in an amount equal to past and future lost wages and benefits; (3) punitive damages; and (4) attorney's fees and costs. However, on appeal, Lilly attempts to recast his

pleadings as not a suit for money damages but "simply seeking prospective relief (an injunction compelling reinstatement via injunctive relief and the like) for the violation of the statutes going forward." While Lilly pleaded for reinstatement in the trial court, he certainly did not formally request a prospective injunction against the City.

In light of these deficiencies, Lilly requests an opportunity to re-plead. As part of his request, Lilly wishes to assert a violation of section 617.004 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 617.004. Even if we were to grant Lilly's request for an opportunity to re-plead to include a violation of section 617.004 of the Texas Government Code, nothing in that chapter clearly and unambiguously waives the City's immunity. *See id.* §§ 617.001-.005 (West 2012). Moreover, we do not believe that *Miranda* stands for the proposition that no plea to the jurisdiction may be granted without allowing the opportunity to re-plead. *See* 133 S.W.3d at 226-27 ("If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend.") (citing *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002)). In this case, we find the defects in Lilly's live pleading to be incurable; Lilly has not pleaded facts that support any waiver of the City's immunity. *See id.* Thus, having reviewed Lilly's live pleading and the relevant evidence before the trial court, we conclude that the trial court erred in denying the City's plea to the

jurisdiction. *See id.* at 226; *see also Holland*, 221 S.W.3d at 642; *Blue*, 34 S.W.3d at 554. We therefore sustain the City's first issue.

## IV.    CONCLUSION

Having sustained the City's first issue, we need not address its second issue. *See* TEX. R. APP. P. 47.1. And based on the foregoing, we reverse the trial court's denial of the City's plea to the jurisdiction and render judgment dismissing with prejudice Lilly's claims for lack of jurisdiction. *See Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 846 (Tex. 2007) (stating that a dismissal pursuant to a plea to the jurisdiction based on sovereign immunity is with prejudice).


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Reversed and rendered
Opinion delivered and filed August 9, 2012
[CV06]