In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00095-CV
_____

ANDREW NARVAEZ D/B/A TEXAS FABRICATORS, Appellant

V.

MONTGOMERY COUNTY, Appellee

On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 23-11-17518-CV

## MEMORANDUM OPINION

Andrew Narvaez d/b/a Texas Fabricators ("Appellant" or "Plaintiff") appeals from the trial court's order granting Montgomery County's ("Appellee" or the "County") plea to the jurisdiction and dismissing the case for lack of jurisdiction. We affirm.

Background

Plaintiff filed an Original Petition (hereinafter the "petition") alleging that the County had a contract with Narvaez to rebuild the County election carts and that the

parties later entered an amendment to the contract through a change order. According to the petition, the County provided Plaintiff with incorrect election cart measurements, Plaintiff purchased materials and began building the carts, and then the County rescinded the contract and took possession of the materials that a third party used to then build the carts. Plaintiff asserts claims against the County for breach of contract, negligence, fraud, and conversion.

On January 17, 2024, the County filed a plea to the jurisdiction, arguing that Plaintiff's pleadings do not and cannot establish a waiver of the County's immunity from suit and immunity from liability. According to the County's plea to the jurisdiction, the trial court lacks jurisdiction over Plaintiff's breach of contract cause of action because the Plaintiff failed to plead or prove a waiver of immunity and the Legislature has not waived the County's immunity for the Plaintiff's breach of contract claim. As to the tort claims, the County states in its plea to the jurisdiction that a suit against the County for negligence must be brought under the Texas Tort Claims Act ("TTCA"), which waives immunity for negligence claims only to the extent expressly created by the Act. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.025. According to the County, the TTCA waives immunity for a negligence claim only in "three general areas: 'use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property.'" *See Tex. Dept. of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000) (quoting *Lowe v. Tex. Tech*

2

*Univ.*, 540 S.W.2d 297, 298 (Tex. 1976)). Because Plaintiff's negligence claim does not fit within the defined areas of the TTCA, the County argues it is barred by the County's immunity. With respect to the Plaintiff's fraud and conversion causes of action, the County states in its plea that both claims are intentional torts that are excluded from the waiver of immunity under the TTCA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.057 ("This chapter does not apply to a claim . . . (2) arising out of . . . any other intentional tort.").

Plaintiff filed a Response to Defendant's Plea to the Jurisdiction and argues in its response that the trial court has jurisdiction over Plaintiff's claims.[1] As to Plaintiff's cause of action for breach of contract, Plaintiff cites *Tooke v. City of Mexia*,[2] and argues that section 271.005 of the Texas Local Government Code authorizes counties to enter into contracts for personal property and that section 271.152 of the Texas Local Government Code waives sovereign immunity for local governmental entities that enter into contracts under that subchapter.

---

[1] Plaintiff also states in its Response that Plaintiff did not receive timely notice of the hearing on the plea to the jurisdiction. As for Plaintiff's negligence, fraud, and conversion claims, in Plaintiff's Response, Plaintiff states the trial court needed to determine whether the building of election carts is a governmental or proprietary function, and that the TTCA's list of governmental functions for which the Act provides immunity is inapplicable here. We do not include a discussion of these arguments because Plaintiff does not raise these arguments on appeal.

[2] 197 S.W.3d 325 (Tex. 2006).

The County filed a Reply to Plaintiff's Response. Therein, the County argues that Plaintiff's petition included no allegation of a waiver of the County's governmental immunity from suit or liability. The County also states *Tooke* does not support Plaintiff's claims, section 271.152 of the Local Government Code does not apply to the County or waive immunity, section 271.005 of the Local Government Code does not contain language that grants a clear and unambiguous waiver of the County's immunity, the trial court need not determine whether the building of election carts is a governmental or proprietary function because the County does not perform proprietary functions, and Plaintiff did not and cannot demonstrate any waiver for a tort claim covered by the TTCA.

On February 14, 2024, the trial court signed an Order Granting Defendant's Plea to the Jurisdiction and dismissing the case for lack of jurisdiction. Plaintiff timely appealed.

Issues on Appeal

On appeal, the Appellant argues in issue one that the trial court erred in granting the plea to the jurisdiction. According to Appellant, sections 262.007(a) and 271.005(a) of the Texas Local Government Code waive the County's immunity for Appellant's breach of contract claim and the Texas Constitution's Taking Clause waives the County's immunity for Appellant's conversion claim. In issue two,

4

Appellant argues, in the alternative, that the trial court erred in failing to allow Appellant to amend the pleadings prior to dismissal.

The County argues on appeal that the Plaintiff's petition failed to directly or indirectly mention the County's immunity and failed to plead a valid waiver of immunity, and that despite the County's plea to the jurisdiction putting the Plaintiff on notice that the Plaintiff had failed to plead or prove waiver of the County's governmental immunity for any of the Plaintiff's claims, the Plaintiff never amended Plaintiff's Original Petition. According to the County, section 271.152 of the Texas Local Government Code, the section that the Plaintiff relied upon in Plaintiff's Response to Defendant's Plea to the Jurisdiction as a basis for a waiver of the County's immunity, does not apply to counties. The County also argues that any reliance upon section 262.007(a) of the Texas Local Government Code for a waiver of the County's immunity is untimely because it was not raised in the trial court and has been raised for the first time on appeal. The County also argues that even if that statutory provision had been raised at the trial court, section 262.007 does not apply here because the contract at issue was not for engineering, architectural, or construction services. The County also contends that nothing in the express language of section 271.005 of the Texas Local Government Code waives immunity for this contract. As for the plaintiff's tort claims for negligence, fraud, and conversion, the County argues those claims do not fall within the TTCA's waiver of immunity

5

because they do not relate to automobile use, a premise defect, or injuries arising out of conditions or use of property. The County also argues that the causes of action for fraud and conversion are intentional torts for which the TTCA does not waive immunity. In response to the Appellant's second issue, the County asserts that the trial court was authorized to grant the plea to the jurisdiction without giving the Plaintiff an opportunity to amend the petition because the pleadings on their face negated jurisdiction and, even if they did not, the Plaintiff had the opportunity to amend the petition in response to the plea to the jurisdiction but chose only to file a response to the plea to the jurisdiction.

Standard of Review and Applicable Law

Governmental immunity protects political subdivisions of the State, including counties, from lawsuits for damages, because unless the governmental unit has consented to suit, a trial court lacks subject matter jurisdiction to consider a claim against it. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3, 696 (Tex. 2003); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B).

Governmental immunity consists of immunity from liability and immunity from suit. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). A governmental entity that enters into a contract may waive its immunity from liability but retains its immunity from suit unless specifically waived by the Legislature. *Id.* Governmental

6

immunity deprives the trial court of subject matter jurisdiction where instrumentalities of the state have been sued, absent waiver of immunity by the state. *Miranda*, 133 S.W.3d at 224.

A plea to the jurisdiction challenges the trial court's subject-matter jurisdiction over a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). A plea to the jurisdiction is a proper instrument to raise the issue of governmental immunity. *Miranda*, 133 S.W.3d at 225-26. Where the jurisdictional facts are not in dispute, we review the trial court's ruling on a plea to the jurisdiction under a de novo standard of review, liberally construing the plaintiff's pleadings and construing the evidence in favor of the nonmovant. *See id.* at 226. Statutory waivers of immunity are to be construed narrowly. *See Tex. Adjutant Gen.'s Off. v. Ngakoue*, 408 S.W.3d 350, 353 (Tex. 2013) (citing Tex. Gov't Code Ann. § 311.034). When construing a statute that purportedly waives immunity, we generally engage in a heavy presumption in favor of immunity and resolve ambiguities in favor of the governmental entity retaining immunity. *See Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 844, 848 (Tex. 2009) (citing *Nueces Cnty. v. San Patricio Cnty.*, 246 S.W.3d 651, 653 (Tex. 2008); *Taylor*, 106 S.W.3d at 697).

The Local Government Contract Claims Act outlines the conditions under which immunity is waived from breach of contract claims against local governmental entities, but it expressly **does not** apply to counties. *See* Tex. Loc.

7

Gov't Code Ann. §§ 271.151-.160 ("Chapter 271, Subchapter I") (in section 271.151(3), providing that "local governmental entity" for purposes of the subchapter "does not include a county"). There is a "heavy presumption in favor of immunity[,]" and a statutory waiver of sovereign immunity must be "clear and unambiguous[.]" *See* Tex. Gov't Code Ann. § 311.034; *City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007).

When there is a challenge solely to the pleadings, we decide if the plaintiff has alleged sufficient jurisdictional facts to show the trial court's subject matter jurisdiction, using a liberal construction in favor of the plaintiff. *Miranda*, 133 S.W.3d at 226. If the plaintiff's pleadings "affirmatively negate the existence of jurisdiction," then a plea to the jurisdiction may be granted without affording the plaintiff an opportunity to amend his pleadings. *Id.* at 227. To affirmatively demonstrate the trial court's jurisdiction, the plaintiff must allege a valid waiver of immunity, which may be either a reference to a statute or to evidence of express legislative permission. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999); *see Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003) (a plaintiff must allege a valid waiver of sovereign immunity to establish jurisdiction).

Analysis

Here, in the Original Petition, Plaintiff fails to assert anything about a waiver of the County's immunity nor does the petition reference a statutory basis for a waiver of the County's immunity. A plaintiff must plead *facts* invoking a waiver of immunity but need not use particular magic words. *Univ. of N. Tex. v. Harvey*, 124 S.W.3d 216, 223, n.3 (Tex. App.—Fort Worth 2003, pet. denied) (emphasis added); *see also Lara v. Tex. Dep't of Crim. Justice*, No. 13-11-00510-CV, 2012 Tex. App. LEXIS 5599, at *6 (Tex. App.—Corpus Christi–Edinburg July 12, 2012, no pet.) (mem. op.) (rejecting the notion that a pleading was jurisdictionally defective merely because it failed to "address the issue of appellees' immunity [or] assert a basis for waiver of immunity" and instead focusing on the facts alleged in the petition to determine the trial court's jurisdiction).

As for the Plaintiff's breach of contract claim, the Plaintiff argued in the trial court and argues on appeal that Montgomery County's immunity for any breach of contract claim is waived under section 271.005(a) of the Texas Local Government Code. For the first time on appeal, Appellant also argues Montgomery County's immunity is waived for Appellant's breach of contract claim under section 262.007(a).[3]

---

[3] On appeal, Appellant does not challenge the trial court's grant of the plea to the jurisdiction as to Appellant's negligence and fraud claims. On appeal, Appellant

Assuming without deciding that the Plaintiff pleaded sufficient facts that would support a waiver of immunity under either 271.005 or 262.007(a), we conclude that neither statute establishes a waiver of immunity for the Appellant's breach of contract claim against the County.

Section 271.005(a) provides, in relevant part, that "[t]he governing body of a governmental agency may execute, perform, and make payments under a contract with any person for the use or the purchase or other acquisition of any personal property, or the financing thereof. The contract is an obligation of the governmental agency." Tex. Loc. Gov't Code Ann. § 271.005(a). The definition of "governmental agency" in Chapter 271 generally includes a county. *See* Tex. Loc. Gov't Code Ann. § 271.003(4). But, in other subparts of Chapter 271, counties are expressly excluded from the subsection that contains a waiver of immunity. *See, e.g.*, *id*. § 271.152. Even so, Appellant argues that section 271.005(a) is a "waiver" of the County's immunity as to a breach of contract claim.

---

abandoned its argument that under section 271.152, the County waived immunity for Appellant's breach of contract claim. Under section 271.152 of the Texas Local Government Code, the Legislature has expressly waived governmental immunity for certain contracts with a local governmental entity. *See* Tex. Loc. Gov't Code Ann. § 271.152. However, that subsection expressly does not apply to counties. *See id*. § 271.151(3) (the definition of "local governmental entity" for purposes of the subchapter does not include a county). On appeal, Appellant also abandoned its argument that, as for its negligence, fraud, and conversion claims, the trial court needed to determine whether the building of election carts is a governmental or proprietary function and its argument that the TTCA's list of governmental functions for which the Act provides immunity is inapplicable here.

In determining whether a statute waives sovereign immunity, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is set forth in "clear and unambiguous" language. *PHI, Inc. v. Tex. Juv. Just. Dep't*, 593 S.W.3d 296, 302 (Tex. 2019) (citing Tex. Gov't Code Ann. § 311.034; *Tooke*, 197 S.W.3d at 328-29). We interpret statutory waivers of sovereign immunity narrowly. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) ("We interpret statutory waivers of immunity narrowly[.]"); *Taylor*, 106 S.W.3d at 697 (any waiver of immunity should be construed in favor of retaining immunity)).

While it is clear Section 271.005(a) authorizes governmental agencies, including counties, to enter into contracts for personal property, there is no language within that section that waives governmental immunity from suit pertaining to such contracts. *See* Tex. Loc. Gov't Code Ann. § 271.005(a). When determining whether a statute affords a clear and unambiguous waiver of immunity absent express language to that effect, we examine the statute to determine if "the provision in question would be meaningless unless immunity were waived." *See Taylor*, 106 S.W.3d at 697. Here, section 271.005(a) would not be meaningless unless the governmental agency's immunity was waived. *See Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 58 (Tex. 2011) (The clear and unambiguous standard is never applied "mechanically to defeat the law's purpose or the Legislature's intent.") (citing *Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 3 (Tex. 2000)).

11

Accordingly, we find that section 271.005(a) does not provide a valid waiver of the County's immunity as to Appellant's breach of contract claim.

Next, with respect to the Plaintiff's reliance on Section 262.007(a) of the Texas Local Government Code, an argument the Plaintiff did not make in the trial court, that section provides, in relevant part, that "[a] county that is a party to a written contract for engineering, architectural, or construction services or for goods related to engineering, architectural, or construction services may sue or be sued . . . on a claim arising under the contract." Tex. Loc. Gov't Code Ann. § 262.007(a). According to Appellant, the statute provides an express waiver of immunity which applies here because Appellant "contracted to construct, build and engineer voting carts for the County."

Assuming without deciding that Plaintiff preserved this argument in the trial court, to plead a waiver of immunity, a plaintiff may not merely reference a statute's elements, but must allege a violation of the statute by pleading facts that state a claim under the statute. *Dohlen v. City of San Antonio*, 643 S.W.3d 387, 392 (Tex. 2022). Appellant's pleadings fail to allege facts that state a claim under section 262.007(a), and the facts plaintiff alleged would not fit within the limited waiver provided in section 262.007(a). *See* Tex. Loc. Gov't Code Ann. § 262.007(a); *see also Wilson Cnty. v. Thomas*, No. 04-06-00675-CV, 2007 Tex. App. LEXIS 6244, at *10 (Tex. App.—San Antonio, Aug. 8, 2007, no pet.) (mem. op.) (describing section

12

262.007(a) as a "limited waiver of immunity from suit"). Here, there is nothing alleged that indicates the contract was for "goods related to engineering, architectural, or construction services" within the purview of section 262.007(a). *See* Tex. Loc. Gov't Code Ann. § 262.007(a). Accordingly, Appellant has failed to demonstrate that section 262.007(a) applies to this agreement.

As for Appellant's conversion claim, on appeal Appellant abandons its argument in its Response to the plea to the jurisdiction that the TTCA waived the County's immunity. For the first time on appeal, Appellant argues that its conversion claim is really a takings claim in violation of Article I, section 17 of the Texas Constitution. That section provides that "[n]o person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person[.]" Tex. Const. art. I, § 17. According to Appellant's brief, the County took the Appellant's goods and material from Appellant without any compensation and the Texas Constitution's Takings Clause waives the County's immunity for Appellant's conversion claims.

Neither sovereign immunity nor governmental immunity shield a governmental entity from a claim based on an unconstitutional taking of property. *Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 390 (Tex. 2011); *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex. 2001). The Texas Supreme Court has outlined a three-part test to identify a constitutional taking:

(1) the governmental entity intentionally performed certain acts, (2) that resulted in a "taking" of property, (3) for public use. *See Little-Tex*, 39 S.W.3d at 598; *see also Sawyer Tr.*, 354 S.W.3d at 390-91. "To meet the first prong, the [governmental entity] must have the requisite intent to be acting under its eminent domain powers, rather than merely withholding property or money in a contract dispute." *Smith v. Lutz*, 149 S.W.3d 752, 760 (Tex. App.—Austin 2004, no pet.). In a contractual situation, when acting within a color of right to take or withhold property, the governmental entity is acting like a private citizen and not under any sovereign powers. *Little-Tex*, 39 S.W.3d at 599; *Lutz*, 149 S.W.3d at 760. Courts have held that in such a circumstance, the governmental entity only has an intent to act within the scope of the contract and does not have the requisite intent to take under its eminent domain powers. *Little-Tex*, 39 S.W.3d at 599; *Lutz*, 149 S.W.3d at 760-61. Here, not only did Appellant's pleadings in the trial court fail to reference any constitutional provisions and fail to assert a takings claim that waived the County's immunity, but also there is nothing indicating that the County was acting under its eminent domain powers with respect to the alleged contract. *See id.* Accordingly, Appellant has not established a valid waiver of the County's immunity for Appellant's conversion claim, nor has it asserted a takings claim.

Because on appeal Appellant only challenges the trial court's grant of the plea to the jurisdiction as to Appellant's breach of contract and conversion claims and we

14

have determined that Appellant has failed to demonstrate a valid waiver as to these claims, we overrule Appellant's first issue.

In issue two, Appellant argues in the alternative that if its pleadings are insufficient to demonstrate, but do not affirmatively negate, subject matter jurisdiction, the proper remedy is to allow the plaintiff an opportunity to amend before dismissing. Appellant argues that it should be allowed to amend its petition to replead its conversion claim as a takings claim under the Texas Constitution if appropriate and to make claims for breach of contract under section 262.007(a) and other subparts of Chapter 271 of the Texas Local Government Code.

When a plaintiff fails to plead facts to establish jurisdiction, but the petition does not demonstrate incurable defects, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *See Miranda*, 133 S.W.3d at 226-27; *see also Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839-40 (Tex. 2007); *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). If, however, the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Brown*, 80 S.W.3d at 555. If the allegations in a plaintiff's pleadings neither affirmatively demonstrate nor negate jurisdiction, the issue is considered a matter of pleading sufficiency, and the plaintiff should be given an opportunity to amend. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009).

We have already concluded that neither of the statutes nor the constitutional provision relied upon by Appellant on appeal waive the County's immunity. As such, allowing Appellant the opportunity to replead to specifically assert a waiver under these statutes would be futile. We overrule issue two.

Having overruled both issues, we affirm the trial court's order granting the plea to the jurisdiction and dismissing the case for lack of jurisdiction.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on August 9, 2024
Opinion Delivered August 29, 2024

Before Golemon, C.J., Johnson and Wright, JJ.

16